**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Keisha Eulette v. State of Texas

Appellate case number:    01-10-00068-CR

Trial court case number:  127550

Trial court:                        County Court at Law No. 2 of Fort Bend County

Appellant pleaded guilty to the misdemeanor offense of driving while intoxicated, and the trial court granted appellant permission to appeal. Appellant timely filed a pro se notice of appeal and is proceeding pro se in this Court.

Appellant was represented in the trial court by Samuel Knight. Trial counsel, retained or appointed, has a duty to represent the client throughout the appellate process in a criminal case until permitted to withdraw by the trial court. *See Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) (en banc). The record does not reflect that counsel filed a motion to withdraw, that such a motion was granted, or that counsel was removed from the case prior to the appeal in this case. In addition, the record does not reflect that appellant has been admonished regarding the dangers and disadvantages of self-representation or that appellant has executed a written waiver of the right to counsel. *See* TEX. CRIM. PROC. ANN. art. 1.051(a), (f) (West Supp. 2011) (granting right to representation by counsel in criminal matters; authorizing written waiver of right to counsel if made voluntarily and intelligently); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring that trial court advise the defendant of dangers and disadvantages of self-representation prior to proceeding to trial).

Accordingly, we abate this appeal and remand the case to the trial court for a hearing at which a representative of the Fort Bend County District Attorney's office, appellant's trial counsel Samuel Knight, and appellant shall be present in person. The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. If appellant

is now incarcerated, she may appear by closed video teleconference.[1] We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders with respect to the following matters:

1) The court shall determine whether appellant still wishes to pursue this appeal;
2) If so, the court shall determine whether Samuel Knight intends to represent appellant on appeal; and
   a. If so, the court shall set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal, no later than 30 days from the date of the hearing; or
   b. If not, the court shall determine whether Samuel Knight should be permitted to withdraw;
3) If Samuel Knight is not permitted to withdraw, the court shall set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal, no later than 30 days from the date of the hearing;
4) If Samuel Knight is permitted to withdraw;
   a. The court shall determine whether appellant is now indigent and, if appellant is indigent, the court shall appoint counsel on appeal and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal, no later than 30 days from the date of the hearing; or
   b. if appellant is not indigent, the court shall determine whether appellant has retained another attorney to file a brief, and
      i. if so, the court shall obtain the name, address, and telephone number of retained counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal, no later than 30 days from the date of the hearing; or
      ii. if appellant has not retained counsel, the court shall admonish appellant of the dangers and disadvantages of self-representation, and
         1. the court shall determine whether appellant is knowingly and intelligently waiving her right to counsel, and, if so, it shall obtain a written waiver of the right to counsel and provide appellant with a copy of a written order setting a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal, no later than 30 days from the date of the hearing; or
         2. if appellant does not wish to proceed pro se, the court shall provide a deadline by which appellant must hire an attorney

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

no later than 30 days from the date of the hearing.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d), (f), 26.04 (West Supp. 2011); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with this Court **no later than 30 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court **no later than 30 days from the date of this order**. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: <u>Evelyn V. Keyes</u>

☑ Acting individually   ☐ Acting for the Court

Date: <u>July 11, 2012</u>